45C01-2202-CT-000189
Lake Circuit Court

Filed: 2/21/2022 3:29 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____, INDIANA |

DIANE M. REEVES and　　　　　　　　)
DEBORAH A. JENKINS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　) CAUSE NO. _____
　　　　　　　　　　　　　　　　　　)
LAKE COUNTY, LAKE COUNTY　　　　　)
SHERIFF OSCAR MARTINEZ, JR.,　　　)
LAKE COUNTY POLICE　　　　　　　　 )
DEPARTMENT, JOHN DOE 1,　　　　　　)
JOHN DOE 2, and JOHN DOE 3,　　　　)
　　　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　　　　)

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Come now the Plaintiffs Diane M. Reeves and Deborah A. Jenkins, by counsel David W. Holub and Katelyn C. V. Holub, and for their claims as to Defendants Lake County and Lake County Sheriff Oscar Martinez Jr., acting by and through Lake County Sheriff Police and Defendants John Doe 1 (Pursuing Officer), John Doe 2 (Supervisor), and John Doe 3 (Department Supervisor) (collectively Police Defendants) state:

　　1.　　Plaintiffs Diane M. Reeves and Deborah A. Jenkins claim that on October 5, 2021, they were involved in a collision while in a school bus lawfully traveling southbound on Burr Street in Lake County, Indiana.



EXHIBIT A

2. At said time and place, unbeknownst to Plaintiffs, Defendants Lake County and Lake County Sheriff Oscar Martinez Jr., by and through a police department, namely the Lake County Sheriff's Police Department (the "Sheriff/County"), and by and through police officers Defendants John Doe 1 (Pursuing Officer), John Doe 2 (Supervisor), and John Doe 3 (Department Supervisor) (collectively Police Defendants), with reckless disregard of the consequences, chased a car at a high speed in a residential neighborhood causing the chased vehicle (operated by Laron Major) to lose control and collide with the school bus which Reeves was driving, and on which Jenkins was a passenger.

3. Pursuing Officer and Supervisor and Department Supervisor are employees of Lake County Sheriff Oscar Martinez Jr. and Lake County and are police officers working for the Lake County Sheriff's Police Department, and at all times were acting within the scope of their employment with the Sheriff/County and acting under color of state law.

4. The pursuit began when Pursuing Officer, who at the time was operating a patrol vehicle, initiated an unconstitutional stop and/or initiated a high-speed pursuit of the pursued vehicle.

5. Pursuing Officer continued the unconstitutionally initiated high-speed pursuit (with effectively no supervision), even as the pursued vehicle was observed to be operating in a reckless manner, in a residential and school area, at high speed so as to create a danger to pedestrians (including small children) and motorists lawfully operating on the roadways.

6. The high-speed pursuit occurred inside the City of Gary corporate limits beginning at approximately 2:40 PM, and was conducted through a residential area and endangered multiple motorists, pedestrians, and Plaintiffs.

7. At the time of the incident, Supervisor was the shift commander and supervisor of Pursuing Officer; Department Supervisor was also responsible for supervising the Pursuing Officer and Supervisor, as well as for training the officers and supervisory officers responsible for communicating and enforcing Department policy, including the training of officers in regards to complying with Department Policy governing high-speed pursuit of motor vehicles by Pursuing Officer and safe operation of police vehicles consistent with motor vehicle operational laws, and responsible for setting policy for the Department.

8. Supervisor and Department Supervisor were notified, and/or should have been notified, of the pursuit when Pursuing Officer radioed into the dispatcher.

9. At the time of the chase, the Lake County Sheriff Police Department had in effect a policy regarding motor vehicle pursuits, ("Policy"), that was known and/or should have been known, to Supervisor and Department Supervisor and Pursuing Officer.

10. Pursuant to the terms of the Policy and the circumstances presented to Pursuing Officer, Supervisor, and Department Supervisor, these police officials had no cause or authority to initiate a traffic stop or other stop/arrest on the subject car,

nor did they have cause or authority to initiate a high-speed pursuit and objectively no high-speed pursuit was warranted.

11. Furthermore, once the high-speed pursuit began, the circumstances surrounding the pursuit, including the location in a residential area and school area mandated, pursuant to the Policy, that the pursuit be terminated immediately, rather than allowing it to continue and potentially cause a collision.

12. Further, the Policy mandated that once Supervisor and Department Supervisor were notified of the initiation of the pursuit, Supervisor and Department Supervisor were required as superior officers to assume control of the pursuit and to immediately terminate the pursuit.

13. Supervisor and Department Supervisor failed to take control of the progress of the pursuit and failed to terminate the pursuit, as circumstances and department policy dictated, through inaction and/or failed radio communication systems.

14. Supervisor and Department Supervisor wrongfully delegated responsibility and authority for the pursuit to Pursuing Officer who lacked sufficient training regarding pursuit policy and/or disregarded training.

15. Pursuant to the terms of the written Lake County Sheriff Police Department pursuit policy and the circumstances presented to Pursuing Officer, Supervisor, and Department Supervisor, the police department was precluded from engaging in a high-speed pursuit under the circumstances that led to Plaintiffs'

injuries, yet for lack of training and/or a broken communication system, the Policy was not followed and pursuit continued unabated.

16. Throughout the chase, implementation of the Lake County Sheriff Police Department pursuit policy depended upon properly maintained and functional radio equipment and trained radio operators, so that Supervisor and Department Supervisor were to be notified of the initiation of the pursuit, and once notified, one or both supervisors with radio equipment could assume control of the pursuit and radio Pursuing Officer to terminate the pursuit, and due to negligent maintenance of or unavailability of functioning radio equipment, and/or improper training on radio operation, Supervisor and Department Supervisor were not able to or failed to communicate with Pursuing Officer to halt the chase and/or Pursuing Officer disregarded or did not receive instructions to halt the chase.

17. Plaintiffs were injured as a proximate result of all of the herein described wrongful conduct of Defendants, including Defendants having undertaken to supply and rely upon functioning radio equipment, and failing in that undertaking due to negligence in maintaining and/or obtaining and/or keeping functional said equipment, and/or improper training in the use of said equipment and/or a custom and practice tolerating the disuse of said equipment.

18. Despite a written policy, Lake County Sheriff Oscar Martinez, Jr.'s custom and operational function was to proceed with chases indiscriminately in a reckless manner indifferent to public safety and the likelihood of infliction of injury.

19. The Sheriff Oscar Martinez, Jr. and a police chief or department supervisor (including Supervisor and Department Supervisor) as a policymaker, through actions and inactions, including lack of training and lack of supervision, sets official policy for the Police Department, and the failure of the Lake County Sheriff to train its police officers, when the need for such training exists, and failure to maintain functioning radio systems, or enforce proper use of said radios, amounts to deliberate indifference on the part of the Lake County and Lake County Sheriff Oscar Martinez Jr., and conduct likely to inflict injury on private users of the public roads, such as Plaintiffs.

20. Though Pursuing Officer, Supervisor, and Department Supervisor were lower-level subordinates in the department, the policymakers above them, including Supervisor and Department Supervisor, effectively delegated the chase decision-making authority to the low-level subordinate officers, and left Pursuing Officer and the other officers to make every pursuit decision unsupervised.

21. Police officers of the Lake County Sheriff Police Department, including Supervisor and Department Supervisor, have not been adequately trained to determine when it is appropriate to chase, and have not participated in classes or training on the subject, and/or classes or training in safe emergency vehicle operations during high-speed vehicle pursuits.

22. Notwithstanding that at the start of the subject chase, Supervisor and Department Supervisor, the supervisors of Pursuing Officer, had notice of the circumstance of the pursuit, including the residential area and the low-level nature

of the warrant, when Pursuing Officer radioed into the dispatcher, Supervisor and Department Supervisor failed to take control of the progress of the pursuit and failed to terminate the pursuit, as dictated by circumstances and department policy.

23. By their inaction, and/or due to a negligently maintained radio system, Supervisor and Department Supervisor effectively delegated responsibility and authority to Pursuing Officer (and fellow officers) regarding all aspects of the chase, despite Pursuing Officer's lack of adequate training regarding pursuit policy and safe emergency vehicle operations during high-speed vehicle pursuits.

24. Plaintiffs contend that they suffered injuries and damages as a direct and proximate result of the negligent, reckless, objectively unreasonable, and conscience shocking and deliberately indifferent conduct of Police Defendants, including but not limited to:

　　　a. operating Defendants' vehicles in the reckless and unreasonable pursuit of the subject car, such that Defendants exhibited a reckless disregard for the safety of Plaintiffs and others similarly situated and endangered innocent lives;

　　　b. negligently and recklessly initiating and failing to supervise and/or terminate a high-speed motor vehicle pursuit, under circumstances creating an unreasonable risk of harm to Plaintiffs and others similarly situated;

　　　c. negligently and/or recklessly training or failing to train employees and/or agents, such as to exhibit a deliberate indifference to the rights of the Plaintiffs and others similarly situated;

　　　d failing to adequately implement a policy for high-speed motor vehicle pursuits, exhibiting a deliberate indifference to the rights of Plaintiffs and others similarly situated so as to constitute an unconstitutional policy and practice;

  e. intentionally or recklessly under color of state law depriving and infringing upon the rights and privileges of the Plaintiffs, as secured by the Constitution and the laws of the United States, including Due Process of Law and 42 U.S.C. § 1983;

  f. causing injury to innocent Plaintiffs through the unreasonable and excessive use of force in pursuing a vehicle which had exhibited no violation of law calling for a high-speed pursuit and which Defendants had no legal basis to pursue under the circumstances presented and as delineated in the Policy;

  g. violating Indiana Law governing vehicle operation, including, but limited to IC §9-21-5-4, §9-21-5-1, §9-21-3-7, §9-21-8-52, §9-21-5-4, §9-21-8-2, §9-21-8-4, §9-21-8-7, §9-21-8-30, §9-21-8-32, §9-21-8-35, §9-21-3-9, §9-21-1-8, §9-21-17-20; and

  h. conducting a high-speed chase under circumstances rising to the level of willful and wanton misconduct.

25. All of which wrongful conduct was a proximate cause of Plaintiffs' injuries and subjects Defendants to the entry of a judgment against them for compensatory damages for their injuries, incurred medical expenses for the care testing and treatment of their injuries and to be incurred in the future for treatment of said injuries, all mental and physical pain suffered, all loss of earnings and earning capacity suffered, all property damage suffered, and all disfigurement deformity fright humiliation and mental anguish suffered.

26. Plaintiffs contend that to the extent Laron Major was also negligent, that the Police Defendants are jointly and severally liable with Laron Major.

WHEREFORE, Plaintiffs Diane M. Reeves and Deborah A. Jenkins, for their claims as to Defendant Lake County and Lake County Sheriff Oscar Martinez Jr., by and through the Lake County Sheriff Police and Defendants John Doe 1

(Pursuing Officer), John Doe 2 (Supervisor), and John Doe 3 (Department Supervisor) (collectively Police Defendants), pray as follows:

1. For reasonable compensatory damages;
2. For recoverable attorney's fees, interest and costs; and
3. For all other proper relief.

LAW OFFICES OF DAVID W. HOLUB, P.C.

/s/ David W. Holub
/s/ Katelyn C. V. Holub
DAVID W. HOLUB #8220-64
KATELYN C. V. HOLUB #32366-64
Attorneys for Plaintiffs
8403 Merrillville Road
Merrillville, IN 46410
Tel: (219) 736-9700/Fax: (219) 736-9704
holub@davidholublaw.com
kholub@davidholublaw.com

## JURY DEMAND

Plaintiffs demand trial by jury.

LAW OFFICES OF DAVID W. HOLUB, P.C.

/s/ David W. Holub
/s/ Katelyn C. V. Holub
DAVID W. HOLUB #8220-64
KATELYN C. V. HOLUB #32366-64
Attorneys for Plaintiffs
8403 Merrillville Road
Merrillville, IN 46410
Tel: (219) 736-9700/Fax: (219) 736-9704
holub@davidholublaw.com
kholub@davidholublaw.com
