UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DIANE M. REEVES and | ) | |
| DEBORAH A. JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No: 2:22-CV-49 |
| v. | ) | |
| | ) | |
| LAKE COUNTY, et al | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants, Lake County, by counsel, Angela M. Jones of The Law Office of Angela M. Jones, LLC; Sheriff Oscar Martinez, by counsel, John Kopack of Kopack and Associates; Shawn O'Keefe and Nicholas Kopack, by counsel, Caleb Johnson of Caleb S. Johnson Law, LLC; and Coty Mansfield, by counsel, Casey McCloskey, respectfully move this Court to enforce the settlement agreement reached by and between Defendants and Deborah A. Jenkins at a mediation session on March 18, 2025, and in support thereof state:

**INTRODUCTION**

1. Plaintiffs initiated this action alleging constitutional violations under federal law, among other things.

2. On March 18, 2025, the parties participated in a mediation session before mediator Richard McDevitt. During mediation, the Defendants achieved a full and final settlement of all claims with Plaintiff Deborah A. Jenkins and with Plaintiff Diane M. Reeves.

3. Plaintiff Reeves' settlement was contingent upon the resolution of a six figure worker's compensation lien, which the mediator and Plaintiffs' counsel were finally able to resolve several weeks after the mediation session.

4. The essential terms of the settlement with Deborah Jenkins was reduced to writing

1

and memorialized in a written *Stipulation/Agreement of The Parties* that was approved and signed at medication by Ms. Jenkins, her attorney, and counsel for each of the Defendants. A true and accurate copy of the *Stipulation/Agreement of The Parties* signed by Ms. Jenkins and her counsel at mediation is filed herewith as **Exhibit 2**.

5.   On April 17, 2025, Sheriff Martinez's counsel, John M. Kopack, emailed Attorney Holub a copy of a *Confidential Release And Indemnity Agreement* for execution by Ms. Jenkins pursuant to her mediation settlement agreement. See **Exhibit 1**.

6.   On May 1, 2025, Attorney Holub advised all defense counsel that Ms. Jenkins was refusing to sign a release of her claims and that she would not accept the settlement she had agreed to at mediation.

7.   Ms. Jenkins voluntarily entered into a valid and binding written settlement agreement at mediation is now refusing to abide by the agreed-upon terms of her settlement.

8.   The Court has both the authority and the obligation to enforce settlement agreements entered into in cases that are pending before it.

**LEGAL STANDARD**

9.   The issue of whether the parties have entered into an enforceable settlement of a federal claim is governed by state law. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) citing to *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). As a "supervisor of litigation," a district court "may summarily enforce a settlement agreement." *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir. 2001); See also *Centrifugal Acquisition Corp. v. Moon*, No. 09-cv-327, 2013 U.S. Dist. LEXIS 11579, at *2 (citing *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996) ("Given that the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation,

2

the exercise of that power is particularly appropriate for deferential review.")). Further, the decision to enforce a settlement agreement rests entirely within the district court's discretion. See *Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999) (affirming the district court's order enforcing the parties' settlement agreement). An agreement to settle is a contract between the parties and is thus enforceable just like any other contract, pursuant to the state law governing contracts. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000) ("[I]ssues regarding the formation, construction and enforceability of a settlement agreement are governed by local law.").

10. "Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Sands v. Helen, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011). Settlement agreements are governed by the principles of contract law and are not even required to be in writing. *Id*. The existence of a contract is a question of law. *Batchelor v. Batchelor*, 853 N.E.2d 162, 165 (Ind. Ct. App. 2006).

11. "The basic requirements of a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting parties. The intention of the parties to a contract is a factual matter that must be determined from all the circumstances. To be valid and enforceable, a contract must be reasonably certain and definite. All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required. Only essential terms are necessary for a contract to be enforceable." *Jetz Serv. Co. v. Ventures*, 165 N.E.3d 990, 994-995, 2021 Ind. App. LEXIS 72, *9, 2021 WL 923309 (internal citations and quotations omitted).

12. Parties may make an enforceable contract which obligates them to execute a

3

subsequent final written agreement. *Wolvos v. Meyer,* 668 N.E.2d 671. 674 (Ind. 1996). "A court will not find that a contract is so uncertain as to preclude specific enforcement where a reasonable and logical interpretation will render the contract valid." *Conwell v. Gray Loon Outdoor Marketing Group, Inc.*, 906 N.E.2d 805, 813 (Ind. 2009).

## ARGUMENT

13. Here, the parties negotiated and agreed upon all essential terms during a formal mediation proceeding and Ms. Jenkins voluntarily accepted a settlement with advice of counsel.

14. In this matter there was an offer, acceptance, consideration, and clearly a meeting of the minds as articulated in **Exhibit 2**.

15. The settlement reached at mediation, much like all other settlements, required essentially consummating the agreement at a later date with a release and distribution of funds the timing of which varies depending on the circumstances of each case.

16. Defendants stand ready to perform their obligations under the terms agreed upon.

17. Mrs. Jenkins' post hoc attempt to withdraw from the settlement is not supported by any valid legal basis.

18. The Court should therefore summarily enforce the settlement and order Reeves to execute the necessary documents, including a release and dismissal.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully requests that this Court:

    A. Find that a valid and enforceable settlement agreement was reached between the parties;

    B. Order Plaintiff to comply with the settlement agreement, including signing any release and stipulation of dismissal;

4

    C. Dismiss this action with prejudice upon confirmation of compliance;

    D. Award Defendant its reasonable attorney's fees and costs incurred in bringing this Motion; and

    E. Award all other relief the Court deems just and proper.

Respectfully submitted,

/s/ Angela M. Jones  
Angela M. Jones, #30770-45  
The Law Office of Angela M. Jones, LLC  
8321 Wicker Ave.  
St. John, IN 46373  
Email: ajones@angelajoneslegal.com  
*Attorney for Defendant Lake County*

/s/Caleb Johnson  
Caleb Johnson  
Caleb S. Johnson Law, LLC  
113 W. Joliet St.  
Schererville, IN 46375  
Email: cjohnson@csjlawllc.com  
*Attorney for Defendants Shawn O'Keefe and Nicholas Kopack*

/s/John Kopack  
John Kopack  
Kopack and Associates  
9111 Broadway, Suite GG  
Merrillville, IN 46410  
Email: john@kopack-law.com  
*Attorneys for Defendant Lake County Sheriff Oscar Martinez*

/s/Casey McCloskey  
Casey McCloskey  
9111 Broadway, Suite GG  
Merrillville, IN 46410  
Email: attymccloskey@hotmail.com  
*Attorneys for Defendant Coty Mansfield*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sends notifications of the filing to the following:

John Kopack - john@kopack-law.com  
Casey McCloskey - attymccloskey@hotmail.com  
Caleb Johnson -cjohnson@csjlawllc.com

I also hereby certify that on May 8, 2025, I deposited the same in the United States mail in envelopes property addressed to each of them with sufficient first-class postage affixed to the following:

Deborah Jenkins  
1715 W. 5th Ave., Apt. D8  
Gary, IN 46404

            /s/ Wendy Blaundin

5